## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
### DIVISION OF ST. THOMAS AND ST. JOHN

VERNE A. HODGE, JR.,

                Plaintiff,        |    Civil No. 2010/56

        v.

SUPERIOR COURT OF THE VIRGIN
ISLANDS,

             Defendant.

## REPORT AND RECOMMENDATION
## <u>REGARDING MOTION TO DISMISS</u>

      Defendant Superior Court of the Virgin Islands has moved to dismiss Counts I and II of plaintiff Verne Hodge, Jr.'s complaint.  The Superior Court contends these counts are time-barred because plaintiff's charge of discrimination on which they are based was filed with the Equal Employment Opportunity Commission more than 300 days following the occurrence of the unlawful employment practice.  Plaintiff opposes the motion, claiming his EEOC charge was timely filed.

      In considering a motion to dismiss, the Court must view the well-pleaded allegations in the complaint as true, and all reasonable inferences to be derived therefrom, in the light most favorable to the plaintiff.[1]  We therefore begin with an examination of the pertinent portions of the complaint.

---

[1] *Zankel v. Temple University*, 245 Fed. Appx. 196, 198 (3d. Cir. 2007)(citing *Gary v. Air Group, Inc.*, 397 F.3d 183, 186 (3d Cir. 2005)).

*Verne A. Hodge, Jr. V. Superior Court of the V.I.*
Civil No. 2010-56
Report and Recommendation
Page 2 of 6

Hodge alleges that he is disabled within the meaning of 42 U.S.C. §12101, *et seq.*, the Americans with Disabilities Act,[2] and that he was an employee of the defendant Superior Court.[3] In early 2007, Hodge met with Darryl D. Donahue, the new Presiding Judge of the Superior Court, and requested that he be permitted to "telecommute" to work as an accommodation for Hodge's disability.[4] Judge Donahue indicated he would consider the request under certain conditions.[5] On March 2, 2007, Hodge submitted a written request to defendant, outlining the accommodation he sought.[6] Defendant responded in writing the same day, ordering Hodge to cease telecommuting, as he had been doing informally for some time prior.[7] Plaintiff then notified defendant he would be filing an action for discrimination unless the situation could be remedied.[8]

Shortly thereafter, at defendant's behest, on March 8, 2007, Hodge met with counsel to defendant and with Judge Donahue, to attempt "to resolve, in house, Plaintiff's formal ADA request for a telecommuting accommodation." As a result of the meeting, defendant requested that Hodge submit medical documentation of his disability and of the need for the accommodation. Hodge complied on March 21 and 28, 2007.[9]

---

[2] Complaint at ¶ 33.

[3] E.g., *id.* at ¶¶ 5, 8-10.

[4] *Id.* at ¶ 13.

[5] *Id.* at ¶ 14.

[6] *Id.* at ¶ 15.

[7] *Id.* at ¶ 17.

[8] *Id.* at ¶ 19.

[9] *Id.* at ¶¶ 20-21.

*Verne A. Hodge, Jr. V. Superior Court of the V.I.*
Civil No. 2010-56
Report and Recommendation
Page 3 of 6

By letter dated April 3, 2007, defendant "ordered Plaintiff to submit to additional medical examination by its doctor, and to provide additional medical documentation above and beyond that previously required at the March 8, 2007 meeting."[10]   Hodge provide the additional documentation by letter dated April 16, 2007, but also notified defendant he would not submit to additional testing, and that he viewed the additional requirements as a "pretense and in order to unduly delay granting Plaintiff's formal request" for an accommodation.[11]   Defendant did not respond to Hodge's April 16, 2007 letter, and "has not granted Plaintiff's formal ADA request . . . ."[12]   Finally, Hodge alleges that  he was allowed informally to telecommute from 1995 "until March 2, 2007 when Defendant withdrew the informal telecommuting arrangement and refused to grant Plaintiff's formal ADA request for that accommodation."[13]   Further, "Defendant failed to engage in an interactive process with Plaintiff to determine how it could accommodate Plaintiff's condition, and has not granted Plaintiff's requested reasonable telecommuting accommodation."[14]

The Superior Court points out that on March 5, 2008, Hodge filed a charge of discrimination with the EEOC, alleging a failure to give further consideration to his request to telecommute.[15]

---

[10]  *Id*. at ¶ 22.

[11]  *Id*. at ¶¶ 23-24.

[12]   *Id.* at ¶¶ 25-26 .

[13]   *Id.* at ¶ 27 .

[14]   *Id*. at ¶ 45 .

[15]   Memorandum in Support of Motion to Dismiss at p. 2.  Defendant contends that the Court may consider matters outside the pleadings, such as the date of the EEOC filing, when ruling on a motion under Fed. R. Civ. P 12(b)(6), citing, e.g., *Beverly Enterprises, Inc. v. Trump*, 182 F.3d 183, 190 n. 3 (3d Cir. 1999), *Bostic v. AT & T,* 166 F. Supp. 2d 350, 354-55 (D.V.I. 2001) and *Speaks v. Government of the Virgin Islands*, 2009 WL 167330, at *1 (D.V.I. Jan. 14, 2009).  Plaintiff does not challenge this assertion or the use of the first page of his EEOC filing in connection with deciding this motion, and the Court agrees that it may consider the date of the EEOC filing herein.

*Verne A. Hodge, Jr. V. Superior Court of the V.I.*
Civil No. 2010-56
Report and Recommendation
Page 4 of 6

Because as a condition precedent to maintaining the instant action a discrimination charge must be filed with the EEOC within 300 days after the alleged unlawful employment practice occurred,[16] defendant argues that Hodge filed his EEOC complaint outside of the applicable limitation period. Defendant concludes that plaintiff must allege the conduct complained of occurred on or after May 10, 2007 in order for the March 3, 2008 EEOC filing to have been timely.[17]

Although the cases cited by defendant in support of its position consistently find that the 300-day period begins to run at the time of the *decision or denial* that forms the basis for the discrimination claims,[18] the problem here comes in determining exactly when the operative decision or denial occurred.  The Superior Court contends that the 300 days began to run on April 3, 2007, the date of the Superior Court's letter "informing Hodge that it was refusing to give the request further consideration unless and until Hodge submitted additional medical information." Defendant then characterizes Hodge's April 16, 2007 letter as a "request to reconsider," which could not be a basis on which the limitations period could be extended.[19]

---

[16]  See 42 U.S.C. §12117(a) and 42 U.S.C. §2000e-5(e)(1), which provide for a 300-day filing limitations period in a "deferral" territory.  But see *Bostic v. AT &T,* 166 F. Supp. 350, 356 (D.V.I. 2001) ("Since AT & T argues only that Bostic has failed to comply with the 300-day filing requirement . . . I need not consider whether the Virgin Islands is a deferred territory"). Defendant here similarly argues only a failure to comply with the 300-day limit.

[17]  Memorandum in Support of Motion to Dismiss at pp. 8-10.

[18]  E.g., *Delaware State College v. Ricks*, 449 U.S. 250 (1980);  *Bailey v. United Airlines*, 279 F.3d 194, 199 (3d Cir. 2002)(citing *Ricks*); *Watson v. Eastman Kodak Co.,* 235 F.3d 851 (3d Cir. 2000).  But these and other relevant cases emphasize that communication of the decision to the plaintiff is key.  See also *Gloeckl v. Giant Eagle, Inc*., 176 Fed. App. 324, 326 (3d Cir. 2006) (the unlawful practice "must have occurred and been communicated to" plaintiff within 300 days); *Thompson v. General Electric Company*, 81 Fed. Appx. 415, 417 (3d Cir. 2003) (it is well-established that the "statute of limitations begins to run at the time an employee receives notice of an adverse employment action").

[19]  Memorandum in Support of Motion to Dismiss at pp. 8-10.

*Verne A. Hodge, Jr. V. Superior Court of the V.I.*
Civil No. 2010-56
Report and Recommendation
Page 5 of 6

Plaintiff, on the other hand, suggests that the April 3 and April 16, 2007 writings indicate that the situation was still in the process of being resolved, and that the period only began to run on May 16, 2007, when the Superior Court failed for 30 days to respond to his April 16, 2007 memorandum.  In support thereof, Hodge cites to an EEOC procedure that provides that a request for an accommodation should be processed within 30 days because "lack of action amounts to a denial."[20]  Hodge also argues that the onset of the limitations period is subject to equitable estoppel or equitable tolling. because he was induced by defendant to believe the discussions aimed at resolving the issue were ongoing.[21]

The Court need not reach the question of whether equitable tolling should apply, because the issue here is whether the Superior Court's refusal to grant Hodge an accommodation unless he provided additional information amounts to a final adverse decision that starts the EEOC complaint clock running.  On this record, and in the context of the motion to dismiss, the Court finds that this question cannot be resolved at this point in the affirmative.  Taking all well-pleaded facts as true, and all reasonable inferences therefrom in plaintiff's favor, as we must, the Court concludes that at least as of April 16, 2007, the parties were still engaged in a back and forth process aimed at resolving the dispute.  It was only sometime after that date that a final decision adverse to Hodge could be said to have been made.  On this record, the Court cannot conclude that such a decision was communicated to plaintiff or even in fact made on or before May 10, 2007, so as to render untimely Hodge's EEOC filing.  A final determination must await the development of a more complete factual record.

Accordingly, it is recommended that the motion to dismiss be DENIED.

---

[20]   Opposition to Defendant's Motion to Dismiss, at p.3.

[21]   Opposition to Defendant's Motion to Dismiss, at pp. 2-3.

*Verne A. Hodge, Jr. V. Superior Court of the V.I.*
Civil No. 2010-56
Report and Recommendation
Page 6 of 6

Any objections to this report and recommendation must be filed in writing within 14 days of receipt of this notice.  Failure to file objections within the specified time shall bar the aggrieved party from attacking such Report and Recommendation before the assigned District Court Judge. 28 U.S.C. Section 636(b)(1)(B); LRCi 72.3.


**Dated:** March 29, 2011

 **S/**  _____
                  **RUTH MILLER**
        **UNITED STATES MAGISTRATE JUDGE**